UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ALLANNA WARREN,                                    Case No. 2:23-cv-01377-APG-EJY

        Plaintiff,

        v.                                         **ORDER**

DOLLAR TREE,

        Defendant.

      Pending before the Court is Defendant's Motion to Stay Discovery.  ECF No. 37.  The Court has considered the Motion and Plaintiff's Response.  ECF No. 40.  Because the Court grants the Motion, the Court does not wait for the Reply.

      Courts have broad discretionary power to control discovery, including the decision to allow or deny discovery.  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  Rule 1 of the Federal Rules of Civil Procedure guides the Court's exercise of discretion to stay discovery with an eye toward ensuring a "just, speedy, and inexpensive determination of every action."  *Long v. Gamo Outdoor S.L.U.*, Case No. 2:22-cv-00670-JAD-DJA, 2022 WL 2819662, at *2 (D. Nev. July 18, 2022).  With Rule 1 as its prime directive, this Court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); Fed. R. Civ. P. 26(c)(1) (court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding disclosure or discovery).  To decide whether a stay of discovery is warranted pending the outcome of a dispositive motion, the Court should consider: (1) whether the motion is "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought," and (2) "whether the pending potentially dispositive motion can be decided without additional discovery."  *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013); see also, *e.g.*, *Klaizner, v. Ditech Financial LLC*, Case No. 2:16-

cv-00414-GMN-CWH, 2016 WL 3176579 (D. Nev. June 2, 2016).  In applying this two-pronged test, courts take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted.  *Tradebay, LLC, v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011); *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582-83 (D. Nev. 2013).  The court's preliminary peek is not intended to prejudge the outcome of the pending dispositive motion; it merely evaluates whether an order staying discovery is warranted.  *Tradebay*, 278 F.R.D. at 603.

Here, a preliminary peek at Defendant's Motion to Dismiss (ECF No. 9) shows Plaintiff's Complaint is directed at entities that are not parties to this action nor do they have any relation to Dollar Tree.  These entities include, without limitation, the Sparks and Las Vegas Metropolitan Police Departments.  Plaintiff is currently litigating a separate case against those entities.  *Warren v. Sparks Police Department*, et al., Case No. 2:23-cv-00065-GMN-DJA (the "Sparks Case").  Further, Plaintiff's first cause of action under Nev. Rev. Stat. § 41.1395 will be dismissed because the statute does not create an independent cause of action.  Plaintiff's second cause of action for alleged intentional infliction of emotional distress ("IIED") and third cause of action for civil conspiracy are likely to be dismissed because Plaintiff fails to state facts to support the necessary elements of these claims.

Plaintiff also fails to substantively respond to the arguments Defendant presents in its Motion to Dismiss providing a separate basis for granting Defendant's Motion to Stay Discovery.  *See* ECF No. 15 and untimely supplement at ECF No. 22.  The District of Nevada Local Rule 7-2(d) applies not only to an opposing party's failure to file a physical document, but also to failure to assert in an opposition arguments that oppose those presented in the motion.  *Duensing v. Gilbert*, Case No. 2:11-cv-01747-GMN-VCF, 2013 WL 1316890 (D. Nev. Mar. 1, 2013) (failing to respond to defendant's arguments on the issue constituting consent to the granting of the motion); *Schmitt v. Furlong*, Case No. 3:11-cv-00602-LRH-VPC, 2013 WL 432632 (D. Nev. Feb. 4, 2013) (failure to argue against substantive due process violations indicated consent to granting summary judgment); *Gudenavichene v. Mortgage Elec. Registration Sys.*, Case No. 2:12-cv-83 JCM (GWF), 2012 WL 1142868 (D. Nev. Apr. 4, 2012) (plaintiff's failure to respond to any of the arguments raised in the motion to dismiss constituted consent to granting the motion).

Finally, the Court finds Defendant's Motion to Stay Discovery can be decided without the need for discovery.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Stay Discovery (ECF No. 37) is GRANTED.

IT IS FURTHER ORDERED that if the resolution of Defendant's Motion to Dismiss (ECF No. 9) does not result in a complete and final resolution of this case, the parties must each file a proposed discovery plan and scheduling order no later than ten (10) days after the Court's Order issues.

DATED this 31st day of October, 2023.


ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE