UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALLANNA WARREN, | Case No. 2:23-cv-01377-APG-EJY |
| Plaintiff, | **Order Granting Motion to Dismiss and Denying Motion to Strike** |
| v. | |
| DOLLAR TREE, | [ECF Nos. 9, 24] |
| Defendant. | |

Allana Warren filed this lawsuit alleging that Dollar Tree conspired with various law enforcement agencies to harass and inflict emotional pain and injury upon her. She asserts claims for unlawful injury to a vulnerable person under Nevada Revised Statutes (NRS) § 41.1395, intentional infliction of emotional distress (IIED), and civil conspiracy. ECF No. 1-3. Dollar Tree moves to dismiss all these claims as improperly pleaded. ECF No. 9. I grant the motion.

I. **ANALYSIS**

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation omitted). Allegations of a pro se plaintiff "are held to less stringent standards than formal pleadings

drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation omitted). Although I "construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

I apply a two-step approach when considering motions to dismiss. First, I must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Iqbal*, 556 U.S. at 678; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013) (quotations omitted). Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248 (quotation omitted). Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

Second, I must consider whether the well-pleaded factual allegations allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow me to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit me to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation omitted). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### a. Warren's Claim for Violation of NRS § 41.1395

Warren's first claim asserts a violation of NRS § 41.1395(1). That statute states that if a "vulnerable person suffers a personal injury or death that is caused by abuse or neglect," then

"the person who caused the injury, death or loss is liable to the . . . vulnerable person for two times the actual damages incurred by the . . . vulnerable person." This statute does not create an independent cause of action but rather is a provision for special damages. *Doe v. Clark Cnty. Sch. Dist.*, No. 2:15-cv-00793-APG-GWF, 2016 WL 4432683, at *13 (D. Nev. Aug. 18, 2016). Thus, Warren may request these special damages as part of her prayer for relief but not as a separate cause of action. I dismiss this cause of action without prejudice.

### b. Warren's Claim for Intentional Infliction of Emotional Distress

To state a plausible IIED claim under Nevada law, Warren must allege "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) severe or extreme emotional distress suffered by the plaintiff; and (3) actual or proximate causation." *Jordan v. State ex rel. Dep't of Motor Vehicles and Pub. Safety*, 110 P.3d 30, 52 (Nev. 2005) (en banc). I make the initial determination as to whether a reasonable jury could find conduct to be extreme and outrageous. *See Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993) (citing Restatement (Second) of Torts § 46 cmts. h, j) ("[W]hether defendants['] conduct may reasonably be regarded as so extreme and outrageous as to permit recovery are questions for the Court to answer."). Extreme and outrageous conduct "is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (internal quotations and citation omitted). "Persons must necessarily be expected and required to be hardened . . . to occasional acts that are definitely inconsiderate and unkind." *Id.* (internal quotations and citation omitted). IIED liability "does not extend to mere insults, indignities,

3

threats, annoyances, petty oppressions, or other trivialities." *Welder v. Univ. of S. Nev.*, 833 F. Supp. 2d 1240, 1246 (D. Nev. 2011) (internal quotations and citation omitted).[1]

Furthermore, "in cases where emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of a physical impact, proof of serious emotional distress causing physical injury or illness must be presented." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998) (simplified). The physical impact requirement may not be satisfied by pleading "general physical or emotional discomfort." *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 483 (Nev. 1993); *see also Kennedy v. Carriage Cemetery Servs., Inc.*, 727 F. Supp. 2d 925, 933 (D. Nev. 2010) (finding that insomnia, nightmares, general nervousness, and "a purely emotionally upsetting situation" are insufficient to support an IIED claim under Nevada law, and explaining that objectively verifiable evidence, like a need for "psychiatric assistance or medication," are necessary to meet the physical manifestation requirement).

Warren's well-pleaded allegations against Dollar Tree, even taken as true, do not constitute extreme and outrageous conduct to support a plausible IIED claim. The actions by Dollar Tree employee "Bob" described in the complaint may have been unkind, inconsiderate, and hostile, but they are not "outside all possible bounds of decency and . . . regarded as utterly

---

[1] *Compare, e.g., Rivera v. Corr. Corp. of Am.*, 999 F.3d 647, 655 (9th Cir. 2021) (holding that a reasonable jury could find that a prison's detention of a man for 355 days without arraignment, while ignoring his pleas for counsel or a court appearance, constituted extreme and outrageous conduct for IIED purposes), *with Garity v. APWU Nat'l Labor Org.*, 655 F. App'x 523, 525 (9th Cir. 2016) (holding that a union's conduct was not extreme and outrageous when it colluded to fire a plaintiff, arranged a six-day work week for the plaintiff, and where the union was otherwise "inconsiderate or unkind" to the plaintiff) *and Wilson v. Otto*, 297 F. App'x 681, 682-83 (9th Cir. 2008) (holding that ostracism, unfriendly treatment, and unwelcome physical consolation were collectively insufficient to establish extreme and outrageous conduct for IIED purposes).

intolerable in a civilized community." *Maduike*, 953 P.2d at 26. Similarly, "Bob" calling 911 to allegedly falsely report on Warren (ECF No. 1-3 at 15) does not constitute extreme and outrageous behavior. *See Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994) (applying Texas law and concluding that submitting a false police report that a person was intoxicated or using drugs is not a sufficient basis for IIED). Filing false police reports could, theoretically, rise to the level of extreme and outrageous conduct. But while Warren offers significant details about the nature and circumstances of the incident giving rise to the 911 call, those facts are insufficient to constitute extreme and outrageous conduct. I therefore dismiss this claim with prejudice as amendment would be futile.

### c. Warren's Claim for Civil Conspiracy

Under Nevada law, "civil conspiracy liability may attach where two or more persons undertake some concerted action with the intent to commit an unlawful objective, not necessarily a tort." *Cadle Co. v. Woods & Erickson, LLP*, 345 P.3d 1049, 1052 (Nev. 2015). Warren's allegations in this claim are directed solely at the Las Vegas Metropolitan Police Department (Metro), which is not a party to this case. ECF No. 1-3 at 16-18. None of those allegations mentions any act by Dollar Tree. Indeed, in the entire complaint she makes only two allegations of a connection between Dollar Tree and Metro, once in the section titled "General Allegations Common to all Claims," and once in her IIED claim:

> On information and belief, Law enforcement contacted DOLLAR TREE, it's (sic) management and staff to single out, call 911 on, target, profile and discriminate against PLAINTIFF and/or PLAINTIFF's mother as law enforcement was targeting them as well pertaining to ongoing litigation.
>
> . . . .
>
> In order to help LVMPD in their ongoing litigation, DOLLAR TREE negligently involved themselves in PLAINTIFF'S police misconduct cases.

*Id.* at 13, 15.

5

These unsupported and conclusory statements are insufficient to plausibly allege a civil conspiracy claim against Dollar Tree. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 570. I therefore dismiss this claim as insufficiently pleaded. However, it is theoretically possible for Warren to allege a conspiracy between Dollar Tree and others to deprive her of rights or to inflict injury upon her. Therefore, if Warren has sufficient true facts to allege such a civil conspiracy, she may file an amended complaint asserting those facts. I caution Warren, however, that those facts must be true, and must be pleaded with sufficient specificity to make out a valid claim. *Iqbal*, 556 U.S. at 678 (Mere recitals of the elements of a cause of action, supported only by conclusory statements, are not sufficient.).

If Warren intends to file an amended complaint, she also should be aware that Dollar Tree contends it is entitled to qualified immunity for its interactions with Metro. ECF No. 9 at 7.

> Statements made to law enforcement before the initiation of criminal proceedings enjoy a qualified privilege. *Pope v. Motel 6,* 114 P.3d 277, 283 (Nev. 2005). Under the qualified privilege, a plaintiff must prove by a preponderance of the evidence that the defendant published the alleged defamatory statement with actual malice. *Id.* at 283–84. A plaintiff shows actual malice by demonstrating that a defendant published the statement with knowledge that it was false or with reckless disregard for its veracity. *Id.* at 284.

*Pitti v. Albertsons, LLC*, No. 2:11-CV-00280-MMD-CWH, 2012 WL 1931243, at *2 (D. Nev. May 29, 2012). Thus, to avoid a finding of qualified immunity, Warren should allege true facts showing that Dollar Tree acted with actual malice. Her allegations in the complaint are insufficient.

### d. Dollar Tree's Motion to Strike

Because I am granting Dollar Tree's motion to dismiss, its motion to strike (ECF No. 24) is moot.

/ / / /

## II. CONCLUSION

I THEREFORE GRANT Dollar Tree's motion to dismiss (ECF No. 9). Warren's cause of action under NRS § 41.1395(1) is dismissed, but Warren may re-allege her request for damages under that statute in her prayer for relief if she files an amended complaint. Warren's cause of action asserting intentional infliction of emotion distress is dismissed with prejudice. Warren's claim for civil conspiracy is dismissed without prejudice.

I FURTHER ORDER that Warren may file an amended complaint if true facts exist to assert a claim of civil conspiracy against Dollar Tree. The amended complaint must be limited to a claim of civil conspiracy; I do not grant leave to file any other claims against Dollar Tree or to add new defendants. If Warren does not file an amended complaint by **February 12, 2024**, I will enter judgment accordingly and close this file.

I FURTHER DENY Dollar Tree's motion to strike (ECF No. 24) as moot.

DATED THIS 11TH day of January, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE